

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00372-CR

Ricardo **CORONADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR8371
Honorable Ray Olivarri, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  August 3, 2016

APPEAL DISMISSED

Pursuant to a plea bargain agreement, appellant Ricardo Coronado pleaded guilty to the offense of indecency with a child-contact. As part of his plea-bargain, appellant signed a separate "Waiver of Appeal." The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant timely filed a notice of appeal, the clerk sent copies of the certification and notice of appeal to this court. *See* TEX. R. APP. P.

25.2(e).  The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed.  *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant.  *See* TEX. R. APP. P. 25.2(a)(2).  The clerk's record also does not indicate the trial court gave appellant permission to appeal.  After reviewing the clerk's record, the trial court's certification therefore appears to accurately reflect that this is a plea bargain case and appellant does not have a right to appeal.  *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).  This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."  TEX. R. APP. P. 25.2(d).

On June 22, 2016, we gave appellant notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing appellant has the right to appeal were signed by the trial judge and made part of the appellate record by July 22, 2016.  *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (Tex. App.—San Antonio July 2, 2003, pet. ref'd) (not designated for publication).  Neither written permission to appeal nor an amended certification showing appellant has the right to appeal has been filed.  We therefore dismiss this appeal.

PER CURIAM

Do Not Publish